O

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

JOAQUIN RAMIREZ,

     Plaintiff,

  vs.

MICHAEL J. ASTRUE, Commissioner
of  Social Security,

     Defendant.

)
)
)
)
)
)
)
)
)
)
)
)

CASE NO. ED CV 11-02020 RZ

MEMORANDUM OPINION
AND ORDER

Plaintiff Joaquin Ramirez contends that the Social Security Commissioner, acting through his delegate, the Administrative Law Judge,  made two errors in denying his application for supplemental security income.  He argues that the Administrative Law Judge ignored the medical evidence, and that he wrongly found Plaintiff not to be fully credible.  Finding no error, the Court affirms.

At the hearing, Plaintiff's counsel orally amended the application to assert an onset date of January 9, 2009 [AR 40].  Counsel did this deliberately, because Plaintiff had a history of drug abuse prior to that date [*id.*], and potential entitlement to benefits would be compromised by that fact.  *See* 42 U.S.C. §1382c(a)(3)(J); *Bustamante v. Massanari*, 262 F.3d 949, 954-955(9th Cir. 2001).  Much of the medical references Plaintiff makes, however, are to hospitalizations or other medical situations occurring before the deliberately-chosen onset date  and, at most, are of questionable relevance.

Beyond this, Plaintiff complains that the Administrative Law Judge did not properly consider the opinions of Plaintiff's treating physician as to his work-related limitations. Plaintiff identifies limitations in (1) his ability to understand and remember detailed instructions and carry out those instructions; (2) his ability to interact with the general public; (3) his ability to respond to changes in work setting; and (4) his ability to be aware of hazards and take appropriate precautions. In each instance, however, Plaintiff acknowledges that the medical expert's testimony was consistent with these limitations, and, as Plaintiff also acknowledges, the Administrative Law Judge fashioned Plaintiff's residual functional capacity based on the testimony of the medical expert, which took these limitations into account. Thus, the Administrative Law Judge did *not* overlook the medical evidence when making a finding as to the residual capacity; he incorporated it.

Plaintiff also asserts that the Administrative Law Judge did not fully consider his assertions of fatigue. Again, however, the medical expert reviewed the evidence, and testified that fatigue was a factor, but one that compromised the ability to perform complex tasks, not one that precluded work. [AR 46 ] Again, the residual functional capacity took this medical condition into account, by limiting Plaintiff to work that involves simple, repetitive tasks. Again, therefore, there was no error.

Plaintiff also asserts that the Administrative Law Judge should have re-contacted Dr. Sharma, to learn whether notations that Plaintiff was doing well meant that Plaintiff was able to function in a work setting, or that Plaintiff simply was doing better than he had previously exhibited. An obligation to re-contact a physician only arises when the record contains an ambiguity such that a decision on disability cannot be made otherwise. *Mayes v. Massanari*, 276 F.3d 453,459-60 (9th Cir. 2001) (*citing Tonapetyan v. Halter*, 242 F.3d 1144, 1150 (9th Cir. 2001). Here there was no such ambiguity; the functional limitations all were incorporated into the residual functional capacity.

Plaintiff also asserts that the Administrative Law Judge erred in making his credibility assessment. In so arguing, Plaintiff stretches the law on credibility assessments far beyond its intended purposes. The idea extant in the law is that where symptoms are

subjective, a question of credibility arises, for the very reason that the symptoms cannot be seen, felt, or measured by others. The prototype is pain; everyone's pain is different, and two people may react to the same cut or bruise or other symptom by experiencing different levels of pain. *Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir. 1989). Plaintiff seems to believe, however, that virtually everything is a subjective symptom, and cites to a variety of supposed maladies over the years, and says that the Administrative Law Judge did not discuss them all and therefore that the credibility assessment was wanting.

The Court disagrees. In the first place, much of what Plaintiff identifies is not subjective; a doctor was able to evaluate Plaintiff's mental condition, and did so repeatedly. And testimony about symptoms that truly are subjective — symptoms that are not capable of evaluation, such that a decision must be made about the credibility of the person making the statement — are subject to customary challenges to credibility. *Fair v. Bowen*, *supra*, 885 F.2d at 604. Operating under these rubrics, the Administrative Law Judge did his job. He did not fully accept, nor fully reject, statements about subjective symptoms. Rather, he linked such testimony to the residual functional capacity he found, tempering the capacity where appropriate, as, for example, where he limited Plaintiff to simple tasks, in part to accommodate Plaintiff's testimony as to his fatigue. It was also appropriate to not fully credit Plaintiff's testimony, given contradictory medical information, *see Rollins v. Massanari*, 261 F. 3d 853, 857 (9th Cir. 2001). The reports of the third parties which should have been discussed, *see Stout v. Commissioner, Social Security Administration*, 454 F.3d 1050, 1056 (9th Cir. 2006), nevertheless added nothing to the analysis, as they reflected the same sort of testimony that Plaintiff himself gave. *Molina v. Astrue*, 674 F.3d 1104, 1122 (9th Cir. 2012). Under the circumstances of this case, then, the Administrative Law Judge did not err when he found that Plaintiff's credibility was taken into account through the residual functional capacity that he delineated.

///

///

In accordance with the foregoing, the decision of the Administrative Law Judge is affirmed.

DATED:   July 27, 2012

_____
RALPH ZAREFSKY
UNITED STATES MAGISTRATE JUDGE